FILED

October 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:36 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| Katherine Perrault<br>      Employee,<br>v.<br><br>Gem Care, Inc.<br>      Employer,<br>And,<br>Technology Ins. Co.<br>      Insurance Carrier. | Docket No.: 2015-02-0210<br><br>State File Number: 51173/2015<br><br>Judge Brian K. Addington |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by Katherine Perrault on August 11, 2015. Ms. Perrault claims she suffered a hernia, ruptured appendix, and hemorrhoids following lifting at work. The central issue in this case is whether Ms. Perrault sustained a compensable injury arising primarily out of and in the course and scope of her employment.[1] For the reasons set forth below, the Court finds that Ms. Perrault failed to present sufficient from which the Court can determine that she is likely to prevail at a hearing on the merits.

### History of Claim

Ms. Perrault, is a forty-six-year-old resident of Jefferson County, Tennessee. (T.R. 1 at 1.) She testified that she started work for Gem Care as an end-of-the-line unloader, on May 4, 2015. She quickly moved to seal-press operator.

Ms. Perrault testified that when she made seals, she picked up a part from two feet off the ground, lifted it to chest level, pressed in a seal, and then removed the part to a pallet. She estimated parts weighed fifty pounds.

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

On June 8, 2015, Ms. Perrault suffered instant pain under her breastbone and felt she needed to have a bowel movement immediately after lifting a part. She went to the restroom and passed blood. She passed blood several more times that day, but finished her shift with lifting help from other employees. She testified no one saw her accident, and she did not report her injury that day. She did see her acting supervisor, but did not feel comfortable reporting her issues to him. Gem Care requires an employee to immediately report an injury. (Ex. 5 at 2.)

Ms. Perrault testified she contacted Iris Jordan, on-site manager, on June 9, 2015, and reported she bled and vomited during the evening. Ms. Jordan testified Ms. Perrault called and reported only she had been vomiting during the night, but later texted she also suffered rectal bleeding.

Ms. Perrault sought medical treatment at Morristown-Hamblen Healthcare System (MHS) on June 9, 2015. Ms. Perrault's main complaint was blood in her stools. (Ex. 2 at 3.) She suffered with this problem on and off for a year with "solid problems with bleeding for the past 5 days." *Id.* She also reported pain in her entire abdominal area, and nausea and vomiting for five days. *Id.* She told the doctors when she lived in Michigan, she had a history of hemorrhoids and a urinary tract infection. *Id.* Medical records from Mackinac Island Medical Center only indicate Ms. Perrault suffered a urinary tract infection in Michigan. (*See* Ex. 1 at 2.)

Ms. Perrault consulted with Dr. Linas Adams on June 10, 2015, at MHS. (Ex. 2 at 6.) Ms. Perrault told Dr. Adams that she was hospitalized for blood in her stool five years prior. Ms. Perrault and her husband also told Dr. Adams she had been passing blood for a year. *Id.* Ms. Perrault detailed her family history to Dr. Adams, including references to her birth mother and another relative and their ages at death due to colon cancer. *Id.* She also told Dr. Adams, "[T]hat she has a weak stomach and occasionally experiences nausea and vomiting at the drop of a hat." *Id.*

MHS discharged Ms. Perrault on June 11, 2015, with a diagnosis of a hiatal hernia and large, grade three hemorrhoids. *Id.* at 1. The providers at MHS placed Ms. Perrault off work for two weeks and recommended follow-up with both her primary care provider and Dr. Adams. *Id.*

On June 12, 2015, Ms. Perrault's husband called Ms. Jordan. Ms. Jordan told him that she needed to speak to Ms. Perrault. (Ex. 9 at 2.) On June 15, 2015, Ms. Perrault reported a work-related hernia and hemorrhoids to Ms. Jordan based on her impression of what the doctor told her. *Id.* Ms. Perrault told Ms. Jordan she did not know when the hernia happened. *Id.* at 2-3.

Ms. Perrault returned to the emergency room at a later date and required an emergency appendectomy.

On June 29, 2015, Ms. Perrault saw Don Stanton, PA-C. Ms. Perrault reported she lifted up to 125 lbs. *Id.* at 35. Ms. Perrault weighs approximately 147 lbs. *Id.* at 4. He assessed bloody stool and hemorrhoids, although the rectal blood test was negative. *See Id.*, at 35-36.

Ms. Perrault filed a Petition for Benefit Determination seeking additional medical and temporary disability benefits. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Perrault filed a Request for Expedited Hearing, the Court heard the matter on September 18, 2015.

Ms. Perrault asserted she suffered a compensable injury on June 8, 2015, while lifting a part. She testified she never suffered a hernia, appendix problems, or bloody stools prior to the incident in question. She claimed narcotic medications caused her to misstate the length of her medical condition to her doctors, as she only suffered these issues after June 8, 2015. Ms. Perrault requested past and on-going temporary disability benefits and medical benefits for a hiatal hernia, appendectomy, and hemorrhoids. Ms. Perrault has not worked since June 8, 2015.

Ms. Perrault presented all of her medical records in a disc format at the Expedited Hearing, including the records concerning her appendectomy. Since Ms. Perrault did not provide these records to the Court and opposing party in advance of the Expedited Hearing, the Court excluded the records. Ms. Perrault argued her need for the appendectomy relates to the work-incident on June 8, 2015.

Gem Care asserted Ms. Perrault suffered with long-term medical issues not related to her work, and that she failed to present expert medical proof of a causal connection between her medical conditions and her work. Gem Care weighed the items Ms. Perrault lifted at work, and the heaviest weighed thirty-seven and one-half pounds. (Ex. 10 at 2.)

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing*

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Work. Comp. App. Bd.

*Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

The Court recognizes an employer's obligations under Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014), which requires that "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." The Workers' Compensation Law places great emphasis on the opinion of the panel-selected physician, whose determination "shall be presumed correct on the issue of causation," rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(13)(E) (2014).

However, as the Workers' Compensation Appeals Board opined:

> [M]ere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. If an employer chooses to deny the claim following its initial investigation, the employee must come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable "injury by accident" at a hearing on the merits in accordance with section 50-6-239(d)(1).

*McCord,* at *13-14.

In the present case, no one saw the accident in question. Ms. Perrault did not report her incident the day of occurrence, even though she saw a supervisor. Ms. Perrault told her doctors that she previously suffered bloody stools and hemorrhoids from one to five years prior. None of these dates correspond to the alleged date of injury. She also suffered nausea and vomiting for days prior to the alleged incident. She stated the time of injury she related to her doctor was incorrect due to narcotic pain medication. However, the medical providers also detailed a history of family members, and their ages at death, due to colon problems. She offered no explanation as to how this information was correct, yet the length of her rectal bleeding and hemorrhoids was incorrect. She

---

LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

also grossly overestimated to her doctors the weight of the parts she lifted. The variations in the extent and length of her prior medical conditions and any possible connection to her present alleged injury are too significant to ignore. *See Woodlawn Mem. Park, Inc. v. Keith*, 70 S.W.3d 691, 697 (Tenn. 2002). Her testimony is insufficient to establish she suffered a work-related injury.

Further, the medical records do not reflect an opinion from a doctor that her condition was work-related. The records indicate Ms. Perrault lifted items at work, but do not state her work primarily caused her conditions. Gem Care acted reasonably in refusing to provide medical or temporary disability benefits to Ms. Perrault.

The Court finds Ms. Perrault has not come forward with sufficient evidence at this time from which the Court can determine she is likely to succeed at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Perrault's claim against Gem Care for the requested medical benefits and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on November 13, 2015, at 2:00 p.m. Eastern time.

**ENTERED this the 6th day of October, 2015.**

_____
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 6th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| William Evans, Esq. | | | | | X | williamevansesq@gmail.com |
| Joe Lynch, Esq. | | | | | X | jlynch@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

# APPENDIX

Exhibits:
1. Medical records Mackinac Medical Center, certified August 25, 2015
2. Medical records from MHS and Don Stanton, PA-C
3. Wage Statement
4. Training sign-in sheet
5. Training slides
6. First Report of Injury
7. First Article Inspection sheets
8. Affidavit--Katherine Perrault
9. Affidavit--Iris Jordan
10. Affidavit--Richard Gaylon

Technical record:[i]
1. Petition for Benefit Determination, July 2, 2015
2. Dispute Certification Notice, July 23, 2015
3. Request for Expedited Hearing, August 5, 2015
4. Employee's Expedited Hearing Brief, September 3, 2015
5. Employer's Expedited Hearing Brief, September 14, 2015

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.